# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 31, 2006

129469

JIMMY D. RUTHRUFF,
        Plaintiff-Appellee,

v

TOWER HOLDING CORPORATION/TOWER
AUTOMOTIVE, INC., and AMERICAN
MANUFACTURERS MUTUAL INSURANCE
COMPANY,
        Defendants-Appellants.

SC: 129469
COA: 262073
WCAC: 02-000197

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the August 3, 2005 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. The Court of Appeals shall include among the issues addressed whether the Workers' Compensation Appellate Commission misapprehended its appellate function by disregarding the factual findings of the magistrate, and whether it disregarded the Court of Appeals express instruction on remand to resolve this case by determining whether plaintiff was "required to bring a lunch" to work.

CAVANAGH, J., would deny leave to appeal.

KELLY, J., dissents and states as follows:

I would deny leave to appeal. In addition, I point out that the order incorrectly characterizes the Court of Appeals express instruction in its judgment remanding this matter. The remand was not to resolve this case by determining whether plaintiff was required to bring a lunch to work. The Court of Appeals remanded "for an application of the statutory presumption and a determination of whether plaintiff's injury arises out of his employment." The record was to be reopened to "allow a determination of the exact nature of the risk involved in this case." The Court directed that the magistrate "determine the nature of the risk present in light of the evidence and apply the

appropriate test for determining whether plaintiff's injury is one arising out of employment."[1]  *Ruthruff v Tower Holding Corp* (*On Reconsideration*), 261 Mich App 613, 622-623 (2004).

---

[1] If plaintiff was not required to bring a lunch, then the risk was of a personal nature.  If he was required to bring a lunch, then it might be considered a neutral risk case.  In addition, this might be viewed as a mixed risk case, where "compensability exists if the employment was a contributing factor . . . ."  *Id.* at 622.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 31, 2006

Clerk

t0328