CORRIGAN, J.
Defendant was charged with and convicted of second-degree murder, MCL 750.317, after he killed the victim with a single gunshot to the head. The trial court denied defendant’s request to instruct the jury on statutory involuntary manslaughter, MCL 750.329. At issue is whether the trial court should have instructed the jury on statutory involuntary manslaughter because it is a necessarily included lesser offense of second-degree murder. We hold that the court correctly denied defendant’s request for the instruction. Statutory involuntary manslaughter is not an “inferior” offense of second-degree murder under MCL 768.32(1) because it contains elements— that the death resulted from the discharge of a firearm and that the defendant intentionally pointed the firearm at the victim — that are not subsumed in the elements of second-degree murder. Thus, statutory involuntary manslaughter is not a necessarily included lesser offense of second-degree murder. We reverse the part of the judgment of the Court of Appeals that held to the contrary and reinstate defendant’s convictions of second-degree murder and possession of a firearm during the commission of a felony, MCL 750.227b. We also deny defendant’s cross-application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court.
I. FACTS AND PROCEDURAL POSTURE
Defendant shot and killed a 16-year-old girl who was visiting his home. Defendant and the victim were sit *67 ting on a couch when defendant pointed a loaded gun at the victim’s head and told her, “Say I won’t do it.” A witness in the next room looked away briefly and then heard a gunshot. When the witness looked back, she saw the victim lying motionless on the floor while defendant sat on the couch with the gun in his hand. Defendant told the witness to say that the victim shot herself. The two then fled the house.
Defendant was charged with second-degree murder and felony-firearm. The trial court instructed the jury on the lesser offense of common-law involuntary manslaughter based on gross negligence. The trial court denied defendant’s request to instruct on statutory involuntary manslaughter under MCL 750.329, because it contains elements that are not included in the offense of second-degree murder. The court explained that statutory involuntary manslaughter is therefore a cognate offense, rather than a necessarily included lesser offense, of second-degree murder. The jury found defendant guilty as charged of second-degree murder and felony-firearm.
The Court of Appeals reversed defendant’s convictions and remanded for a new trial on the basis that the trial court erred in failing to instruct the jury on statutory involuntary manslaughter. Unpublished opinion per curiam of the Court of Appeals, issued December 22, 2005 (Docket No. 256066). The Court of Appeals explained that in People v Mendoza, 468 Mich 527; 664 NW2d 685 (2003), this Court held that manslaughter, both voluntary and involuntary, is a necessarily included lesser offense of murder. Thus, under Mendoza, a defendant who is charged with murder is entitled to an instruction on voluntary or involuntary manslaughter if a rational view of the evidence would support it. Although the holding in Mendoza pertained to common- *68 law manslaughter under MCL 750.321, the Court of Appeals here assumed, without explanation, that Mendoza also somehow held that statutory involuntary manslaughter under MCL 750.329 is a necessarily included lesser offense of murder. The Court of Appeals made no attempt to ascertain whether the elements of statutory involuntary manslaughter are subsumed in the offense of second-degree murder. The Court of Appeals also asserted, again without explanation, that Mendoza “appears to contradict” People v Cornell, 466 Mich 335; 646 NW2d 127 (2002). In any event, the Court of Appeals concluded that the trial court had “violated the mandate of Mendoza by rejecting defendant’s requested manslaughter instruction,” and that defendant’s convictions must therefore be reversed.
The prosecution sought leave to appeal on the instructional issue. This Court directed the clerk to schedule oral argument regarding whether to grant the prosecution’s application or take other peremptory action.[1] 474 Mich 1100 (2006). We directed the parties to address
(1) whether statutory involuntary manslaughter, MCL 750.329, is a necessarily included lesser offense of murder; and, if so (2) whether a rational view of the evidence in this case supports a conviction of statutory involuntary manslaughter; and, if so (3) whether the Oakland Circuit Court’s failure to give a jury instruction on statutory involuntary manslaughter was harmless error. [Id.]
n. STANDARD OF REVIEW
Whether statutory involuntary manslaughter is an inferior offense of second-degree murder under MCL *69 768.32 is a question of law that this Court reviews de novo. Mendoza, supra at 531.
III. ANALYSIS
The trial court did not err in refusing to instruct the jury on statutory involuntary manslaughter under MCL 750.329. MCL 768.32(1) provides:
Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.
In Cornell, this Court approved of the following explanation of the word “inferior” in MCL 768.32(1):
“We believe that the word ‘inferior’ in the statute does not refer to inferiority in the penalty associated with the offense, but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense. The controlling factor is whether the lesser offense can be proved by the same facts that are used to establish the charged offense.” [Cornell, supra at 354, quoting People v Torres (On Remand), 222 Mich App 411, 419-420; 564 NW2d 149 (1997).]
This Court then held that an “inferior” offense under MCL 768.32(1) is limited to necessarily included lesser offenses. Cornell, supra at 353-354. In conclusion, we held:
[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. [Id. at 357.]
*70 In Mendoza, this Court applied Cornell and concluded that common-law voluntary manslaughter and involuntary manslaughter are necessarily included lesser offenses of murder and thus “inferior” offenses under MCL 768.32(1). Mendoza, supra at 533, 541. We explained that the only element distinguishing murder from common-law manslaughter is malice, and that all the elements of common-law manslaughter are completely subsumed in the offense of murder. Id. at 540-541.
To apply the Cornell/Mendoza test, we must compare the elements of statutory involuntary manslaughter and second-degree murder. The statutory involuntary manslaughter statute at the time defendant killed the victim provided, in relevant part:
Any person who shall wound, maim or injure any other person by the discharge of any firearm, pointed or aimed, intentionally but without malice, at any such person, shall, if death ensue from such wounding, maiming or injury, be deemed guilty of the crime of manslaughter. [MCL 750.329.]
The elements of statutory involuntary manslaughter are as follows: (1) a death, (2) the death was caused by an act of the defendant, (3) the death resulted from the discharge of a firearm, (4) at the time of the discharge, the defendant was intentionally pointing the firearm at the victim, and (5) the defendant did not have lawful justification or excuse for causing the death. People v Heflin, 434 Mich 482, 497; 456 NW2d 10 (1990). By contrast, the elements of second-degree murder are as follows: (1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death. People v Goecke, 457 Mich 442, 464; 579 NW2d 868 (1998).
*71 Comparing the elements of these offenses, we conclude that statutory involuntary manslaughter under MCL 750.329 is not a necessarily included lesser offense of second-degree murder because it is not an “inferior” offense under MCL 768.32(1). It is plain that the elements of statutory involuntary manslaughter are not completely subsumed in the elements of second-degree murder. Statutory involuntary manslaughter contains two elements that are not required to prove second-degree murder: (1) that the death resulted from the discharge of a firearm and (2) that the defendant intentionally pointed a firearm at the victim. Second-degree murder, on the other hand, may be committed without a firearm or even without a weapon of any kind. Because it is possible to commit second-degree murder without first committing statutory involuntary manslaughter, statutory involuntary manslaughter cannot be a necessarily included lesser offense of second-degree murder. Cornell, supra at 361; People v Bearss, 463 Mich 623, 627; 625 NW2d 10 (2001).
Our holding is consistent with People v Holtschlag, 471 Mich 1, 21-22; 684 NW2d 730 (2004), where this Court held:
[I]t must be kept in mind that “the sole element distinguishing manslaughter and murder is malice,” Mendoza at 536, and that “involuntary manslaughter is a catch-all concept including all manslaughter not characterized as voluntary: ‘Every unintentional killing of a human being is involuntary manslaughter if it is neither murder nor voluntary manslaughter nor within the scope of some recognized justification or excuse.’ ” [People v Datema, 448 Mich 585, 594-595; 533 NW2d 272 (1995)]. (Citation omitted.) If a homicide is not voluntary manslaughter or excused or justified, it is, generally, either murder or involuntary manslaughter. If the homicide was committed with malice, it is murder. If it was committed with a lesser *72 mens rea of gross negligence or an intent to injure, and not malice, it is not murder, but only involuntary manslaughter.
Holtschlag applies to common-law manslaughter, not statutory manslaughter. Holtschlag does not, and could not, hold that every killing of a human being is statutory involuntary manslaughter if it was committed without malice, was not voluntary, and was not excused or justified. One who involuntarily kills a person without malice and without excuse or justification does not necessarily commit statutory involuntary manslaughter. Similar to our second-degree murder analysis, statutory involuntary manslaughter contains two elements that are not required to prove common-law involuntary manslaughter: (1) that the death resulted from the discharge of a firearm and (2) that the defendant intentionally pointed a firearm at the victim. Thus, just as statutory involuntary manslaughter is not included in the offense of second-degree murder, it is not included in the offense of common-law involuntary manslaughter. We reject defendant’s and the concurrence’s argument that statutory involuntary manslaughter is merely but one form of common-law involuntary manslaughter.[2]
Further, our conclusion that statutory involuntary manslaughter is not a necessarily included lesser offense of second-degree murder is consistent with pre *73 Cornell caselaw. In Heflin, supra at 497, this Court held that statutory involuntary manslaughter is a cognate lesser offense[3] of murder, not a necessarily included lesser offense.[4] MCL 768.32(1) does not permit consideration of cognate lesser offenses. Cornell, supra at 354.
It does not matter that, in the particular case before us, a firearm was used to commit the murder. As Cornell makes clear, when deciding whether a lesser offense is necessarily included in the greater offense, the determination whether all the elements of the lesser offense are included in the greater offense requires an abstract analysis of the elements of the offenses, not the facts of the particular case. Id. at 360-361.[5] The facts are instead considered to determine whether an instruction on a necessarily included lesser offense is proper in that particular case, i.e., whether the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser offense and whether a rational view of the evidence supports the instruction. Cornell, supra at 357.
Finally, we disagree with the Court of Appeals that Mendoza and Cornell are inconsistent. In Mendoza, we applied the Cornell test and concluded that common-law manslaughter under MCL 750.321, either voluntary or involuntary, is an “inferior” offense of murder. Mendoza, supra at 540-541. We reached this conclusion *74 because common-law manslaughter does not contain any additional elements beyond those required for murder. Id. The only distinction between manslaughter and murder is the element of malice. Id. at 540. For voluntary manslaughter, proof of adequate provocation negates the existence of malice. Id. For involuntary manslaughter, gross negligence is a form of mens rea that is included in the greater mens rea of murder. Id. at 540-541. Thus, we concluded that the elements of common-law manslaughter are completely included in the elements of murder. Id. at 541. A defendant cannot commit murder without first satisfying the elements of common-law manslaughter. The Court of Appeals does not explain how this holding is inconsistent with Cornell, and we do not see any inconsistency.
IV CONCLUSION
Because statutory involuntary manslaughter under MCL 750.329 contains elements that are not included in second-degree murder, it is not an “inferior” offense under MCL 768.32(1), and no instruction was permitted under Cornell. Thus, the trial court did not err in refusing to instruct the jury on statutory involuntary manslaughter. We reverse this aspect of the Court of Appeals judgment and reinstate defendant’s convictions of second-degree murder and felony-firearm. We deny defendant’s cross-application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court.
TAYLOR, C.J., and WEAVER and Young, JJ., concurred with Corrigan, J.

 Defendant also filed a cross-application for leave to appeal. In the order directing the clerk to schedule oral argument on the prosecution’s application, this Court stated that defendant’s cross-application remains pending. 474 Mich 1100 (2006).

 Justice Maekman concedes in his concurrence that statutory involuntary manslaughter requires proof of an element not required to prove second-degree murder. The discussion should end there. Because all the elements of statutory involuntary manslaughter are not completely subsumed in the elements of second-degree murder, statutory involuntary manslaughter cannot be an inferior offense to second-degree murder under MCL 768.32(1) and Cornell, supra at 354. Justice Markman’s discussion of the relationship between statutory and common-law manslaughter is thoughtful hut is irrelevant to our analysis.

 “Cognate offenses share several elements, and are of the same class or category as the greater offense, but the cognate lesser offense has some elements not found in the greater offense.” Mendoza, supra at 532 n 4.

 In Heflin, supra at 505, this Court held that the trial court did not err in refusing to instruct the jury regarding the offense of statutory involuntary manslaughter despite giving instructions on murder and voluntary manslaughter.

 Justice Maekman falls into the trap of comparing facts that could support a second-degree murder conviction with the elements of statutory involuntary manslaughter.