# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY ELBERT THOMPSON,

Defendant-Appellant.

UNPUBLISHED
March 12, 2015

No. 319075
Wayne Circuit Court
LC No. 13-002897-FC

Before: MARKEY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by right his convictions after a jury trial of second-degree murder, MCL 750.317, possession of a firearm while under the influence (PFWI), MCL 750.237(1), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 180 to 360 months in prison for the second-degree murder conviction, 60 to 180 months in prison for the PFWI conviction, and two years in prison for the felony-firearm conviction. We affirm.

Defendant was convicted for shooting Randy Spivey after Spivey intervened in an argument defendant was having with his fiancée Angie Stephenson. Defendant argued at trial that he acted out of self-defense.

Defendant first argues on appeal that there was insufficient evidence from which the jury could conclude beyond a reasonable doubt that defendant's actions were not justified as self-defense. We disagree.

This Court reviews claims of insufficient evidence de novo, viewing the evidence in the light most favorable to the prosecutor, to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). Once evidence of self-defense is presented, the prosecutor has the burden to disprove the defense beyond a reasonable doubt. *People v Roper*, 286 Mich App 77, 86; 777 NW2d 483 (2009). This Court must defer to the fact finder's role in determining the weight of the evidence and the credibility of the witnesses, resolving any evidentiary conflicts in favor of the prosecution. *People v Fletcher*, 260 Mich App 531, 562, 564; 679 NW2d 127 (2004). The elements of a crime may be proved with circumstantial evidence and reasonable inferences arising from the evidence. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

-1-

The elements of second-degree murder are (1) a death, (2) caused by the defendant, (3) who acted with malice, and (4) had no lawful excuse or justification exists for causing the death. *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007). But "the killing of another person in self-defense by one who is free from fault is justifiable homicide if, under all the circumstances, he honestly and reasonably believes that he is in imminent danger of death or great bodily harm and that it is necessary for him to exercise deadly force." *People v Riddle*, 467 Mich 116, 119; 649 NW2d 30 (2002). While one must normally try to avoid the use of deadly force, there is no duty to retreat when one reasonably and honestly believes an attacker is about to use a deadly weapon. *Id*. Further, the self-defense act, MCL 780.971 *et seq*., provides that a person may, with no duty to retreat, use deadly force against another if the person "honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." MCL 780.972(1)(a); *Roper*, 286 Mich App at 86.

Defendant's claim of self-defense is predicated primarily on the fact that Spivey was younger and heavier than he. The undisputed evidence at trial showed that at the time of the shooting, Spivey was restraining defendant on the ground. There was mixed testimony regarding whether other assailants were hitting or kicking defendant while he was being restrained. It is the jury's province to judge the credibility of the witnesses and weigh the evidence before it. *Fletcher*, 260 Mich App at 562, 564.

Defendant claims that the combination of Spivey's size advantage and attacks from other individuals caused him to honestly and reasonably fear imminent death or great bodily harm. The jury had sufficient evidence to conclude beyond a reasonable doubt that the prosecutor had disproved defendant's theory of self-defense. The mere fact of Spivey's size is unpersuasive given that there was no evidence that Spivey was also committing any act of violence toward defendant. Moreover, the jury was responsible for resolving other conflicts in the evidence. *Id*. It is notable that the police officers who examined defendant after the shooting observed no physical evidence of violence toward defendant.

Defendant next argues that his second-degree murder conviction should be mitigated to voluntary manslaughter because he acted out of a heat of passion and with adequate provocation. While the jury was instructed with respect to mitigation based upon heat of passion, defense counsel did not argue for such a result to the jury. Instead, defense counsel focused on his theory of self-defense.

Voluntary manslaughter is distinguished from murder by the existence of such provocation as to negate the element of malice. *People v Mendoza*, 468 Mich 527, 535; 664 NW2d 685 (2003). To negate the malice element a defendant must show that he "killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *Id*. Acting out of a heat of passion has been interpreted as a situation in which "defendant's emotions [are] so intense that they distort the defendant's practical reasoning." *People v Pouncey*, 437 Mich 382, 389; 471 NW2d 346 (1991). Likewise, provocation is adequate if it would cause a reasonable person to lose control. *Id*. Such determinations are questions of fact for the factfinder. *Id*.

Defendant's argument in this regard has the same weakness as his first argument. The jury was best situated to evaluate the conflicting, and incomplete, testimony at trial. Likewise, the jury was best situated to make credibility determinations regarding the witnesses' testimony. There was evidence adduced at trial that Spivey was attempting to de-escalate the argument between defendant and Stephenson and that Spivey merely restrained defendant. Should the jury choose to credit this version of the events, it would be reasonable for the jury to conclude that nothing occurred that would so inflame defendant's passion as to render him an irrational actor. Further, it should be noted there was no evidence introduced at trial that defendant acted in an irrational manner. A verdict is against the great weight of the evidence only if the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). The jury's verdict was supported by the evidence; there was no plain error. *Carines*, 460 Mich at 763.

We affirm.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-3-