# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ROBERT EARL CANN,

       Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 334950
Wayne Circuit Court
LC No. 16-003473-01-FC

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of second-degree murder, MCL 750.317, assault with intent to commit murder, MCL 750.83, carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for which he was sentenced as a third habitual offender, MCL 769.11. We affirm.

This case arises out of a shooting that occurred at a house party in Detroit, in the early morning hours of September 14, 2014. As the party was concluding, one of defendant's friends got into a fistfight with two other men, including John Rainey (Rainey), the victim. Defendant opened fire on the men as they were fighting. One of the bullets struck Rainey in the back, and he was pronounced dead on arrival at the hospital soon after. Subsequently, defendant was charged with open murder, assault with intent to commit murder, carrying a concealed weapon, felon in possession of a firearm, and felony-firearm.

## I. JURY INSTRUCTIONS

Defendant first argues that the trial court violated his due process rights because it stated that it would give an involuntary manslaughter jury instruction, and then failed to do so. We disagree.

Generally, to preserve a due process argument on appeal a defendant is required to raise an objection on due process grounds in the trial court. *People v Hanks*, 276 Mich App 91, 95; 740 NW2d 530 (2007). At trial, defendant did not explicitly raise a due process argument regarding the trial court's failure to include a jury instruction on involuntary manslaughter, or object to the absence of an involuntary manslaughter instruction. Thus, this issue is unpreserved and is reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

-1-

"To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* at 763. The third aspect "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* Reversal will only be warranted where the plain error leads to "the conviction of an actually innocent defendant," or where an error seriously affected the "fairness, integrity, or public reputation" of the judicial proceeding. *Id.*

Defendant did not request a jury instruction for involuntary manslaughter while the parties were discussing jury instructions. Defendant only requested a jury instruction on voluntary manslaughter, to which the trial court replied, "Voluntary manslaughter is [a jury instruction] that I intend to give just because it's the open murder as well as the required lesser included of murder in the second degree, involuntary." It is unclear whether the inclusion of the word "involuntary" was a typographical error, or whether it was a misstatement by the trial court. Regardless, when taken as a whole, it is clear that the trial court intended to give the jury instruction for voluntary manslaughter, as requested by defense counsel, and did not explicitly mention that it would also give an instruction on involuntary manslaughter. Overall, there is nothing in the record, aside from the inclusion of the word "involuntary," to indicate that the trial court intended to give an instruction on involuntary manslaughter.

Nevertheless, defendant argues on appeal that the involuntary manslaughter jury instruction set forth at M Crim JI 16.11 was supported by the evidence and, thus, should have been given—even sua sponte by the trial court. In *People v Heflin*, 434 Mich 482, 497; 456 NW2d 10 (1990), our Supreme Court noted that the former version[1] of this same jury instruction "accurately set forth the elements of statutory involuntary manslaughter." It is well-established that statutory involuntary manslaughter is a cognate lesser offense of murder, and thus, even if defense counsel had requested it, the trial court was not permitted to give the instruction. See *id.*; see also *People v Smith*, 478 Mich 64, 73; 731 NW2d 411 (2007); *People v Cornell*, 466 Mich 335, 354-355; 646 NW2d 127 (2002). Accordingly, defendant's due process claim premised on this jury instruction argument is without merit.

## II. WITNESS OATH

Defendant next argues that he was denied due process because the trial court administered an improper oath to one of the prosecution's witnesses. At trial, defendant did not raise a due process argument regarding the trial court's administration of the oath to the witness, and allowed the trial court to swear the witness in without complaint or objection. Thus, this issue is unpreserved, *Hanks*, 276 Mich App at 95, and our review is for plain error that affected defendant's substantial rights, *Carines*, 460 Mich at 764.

Trial witnesses are required to "swear or affirm that their testimony will be true." *People v Putman*, 309 Mich App 240, 243; 870 NW2d 593 (2015). MCL 600.1432(1) sets forth the typical manner for administering an oath prior to testimony and states:

---

[1] Michigan Criminal Jury Instruction 16:4:06.

The usual mode of administering oaths now practiced in this state, by the person who swears holding up the right hand, shall be observed in all cases in which an oath may be administered by law except as otherwise provided by law. The oath shall commence, "You do solemnly swear or affirm."

However, "the administration of oaths and affirmations is a purely procedural matter, and it thus falls within the authority of our Supreme Court to promulgate rules governing the practices and procedures for administering oaths." *Putman*, 309 Mich App at 243-244. Accordingly, MRE 603 provides:

Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

As this Court recognized in *Donkers v Kovach*, 277 Mich App 366; 745 NW2d 154 (2007), MRE 603 makes clear that "no particular ceremonies, observances, or formalities are required of a testifying witness so long as the oath or affirmation 'awaken[s]' the witness's conscience and 'impress[es]' his or her mind with the duty to testify truthfully." *Id*. at 373. And to the extent that MRE 603 conflicts with MCL 600.1432, MRE 603 controls. *Id*.

In this case, defendant takes issue with the oath administered to one witness for the prosecution:

*The Court*: Young man, you are here to testify, young man. I need you to promise that your testimony will be accurate and truthful. So if you don't remember, instead of trying to remember, just say you don't remember.

*The Witness*: I understand.

The oath, albeit informal, states that the witness must promise to testify accurately and truthfully. The witness answered in the affirmative that he understood, which appears to imply that he both understood the obligation to testify truthfully, as well as the obligation to give accurate testimony, i.e., to avoid erroneous testimony based on events that he might not remember. Since no formality or ceremony is required regarding the oath, the trial court's statement to the witness that he must promise to testify accurately and truthfully was sufficient to awaken the conscience and impress upon the witness the duty to give truthful testimony. See *Donkers*, 277 Mich App at 373. Accordingly, defendant's due process claim premised on the witness oath must fail.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that he was denied the effective assistance of counsel for a number of reasons, none of which have merit.

-3-

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or a *Ginther*[2] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Although defendant filed a motion to remand with this Court, defendant failed to move for a new trial or for a *Ginther* hearing in the trial court. Thus, this issue is unpreserved and "our review is limited to mistakes apparent on the record." *Id*.

To establish ineffective assistance of counsel, a defendant must show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to be effective, *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), and "the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy," *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003).

Defendant first argues that he was denied the effective assistance of counsel because defense counsel failed to request a jury instruction regarding statutory involuntary manslaughter. However, as discussed above, defendant was not entitled to a jury instruction on statutory involuntary manslaughter. See *Smith*, 478 Mich at 73; *Cornell*, 466 Mich at 354; *Heflin*, 434 Mich at 497. Because "defense counsel is not required to make a meritless request or objection," defendant's claim must fail. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Defendant next argues that he was denied the effective assistance of counsel because defense counsel failed to object to the improper administration of the oath used to swear in the prosecution witness. However, as discussed above, objection to the oath as it was administered to the witness would have been meritless. Accordingly, this argument also fails. See *id*.

Next, defendant argues that defense counsel was ineffective because counsel was sending text messages on his phone during trial. In support of this argument, defendant submitted an affidavit to this Court, stating that defense counsel was texting during trial. A review of the record reveals no indication that defense counsel was texting during trial, or that he was not paying attention to the proceedings. Our review is limited to errors that are apparent on the record. See *Payne*, 285 Mich App at 188. We may not consider defendant's affidavit which was not presented to the lower court and constitutes an impermissible expansion of the record on appeal. See MCR 7.210(A)(1); *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013).

Defendant next claims that he was denied the effective assistance of counsel because counsel failed to call a particular witness to testify in his favor. Defendant relies on his affidavit in support of his claim, but it was not submitted to the lower court and may not be considered on appeal. See *id*. Furthermore, decisions regarding which witnesses to call are considered a matter of trial strategy. *Putman*, 309 Mich App at 248. The failure to call a witness "is only considered ineffective assistance if it deprived the defendant of a substantial defense." *Id*. "A substantial defense is one that could have affected the outcome of the trial." *Id*. Defense counsel presented a defense based on the theory of defense of others, and argued that defendant opened fire in

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

defense of a friend, who was involved in the fight with Rainey. Thus, defendant was not deprived of a substantial defense. "The fact that defense counsel's strategy was ultimately unsuccessful does not render him ineffective." *People v Solloway*, 316 Mich App 174, 190; 891 NW2d 255 (2016). Therefore, defendant has failed to overcome the presumption that defense counsel was engaged in sound trial strategy and this claim is without merit.

Finally, defendant argues that he was denied the effective assistance of counsel where defense counsel accidentally misspoke while making a motion for a mistrial. Defense counsel argued that the trial court should grant a mistrial because testimony from the officer in charge of the case indicated that defendant had asked to be represented by an attorney during an interview in September 2014. Defense counsel argued that law enforcement had violated defendant's *Miranda*[3] rights when they interviewed defendant again in 2016, because defendant's request for an attorney in 2014 was still in effect in 2016, and police officers did not provide defendant with an attorney before interviewing him in 2016. Defense counsel argued:

> I'd really ask for a mistrial because that is really extremely prejudicial to my client. Because if he asked for counsel in 2014 as it relates to this case and if he did not seek out the police, which would then waive that privilege, waive the fact that he asked for counsel. If they came back to him, they had a duty to get counsel prior to taking this particular statement even though they had him sign a Constitutional Rights notification, that doesn't supersede the fact that he asked for counsel two years—almost a year and a half earlier.

The trial court asked the parties to prepare and submit briefs regarding defendant's motion for a mistrial. At trial, defense counsel's argument on the motion was as follows:

> *The Court*: Did you find anything to support your objection yesterday?
>
> *Mr. Woodards* [defense counsel]: I did. *Maryland* against *Shatzer*,[4] sir, the dissent.
>
> *The Court*: To support?
>
> *Mr. Woodards*: The dissent.
>
> *The Court*: Enough said. So the law is not in your favor. I will not grant your motion. You actually have no motion.
>
> *Mr. Woodards*: It's evolving, if we could hold this trial over for about maybe 10, 12 years, then perhaps—

---

[3] *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[4] Defense counsel was referring to *Maryland v Shatzer*, 559 US 98; 130 S Ct 1213; 175 L Ed 2d 1045 (2010).

*The Court*: We can freeze it.

*Mr. Woodards*: Of course I'd be asking for bond on behalf of my client in the meantime.

I'm ready, Judge.  I'll withdraw the motion.

Defendant argues that defense counsel intended to tell the trial court that he was using the concurrence in *Shatzer* to support his motion for a mistrial, and not the dissent, and that defense counsel's misstatement ultimately led to the trial court's denial of the motion.  Defendant's argument is not persuasive.

In *Maryland v Shatzer*, 559 US 98; 130 S Ct 1213; 175 L Ed 2d 1045 (2010), the United States Supreme Court held that the *Edwards*[5] rule—that once a suspect invokes the *Miranda* right to counsel any waiver of that right in response to a subsequent police-initiated custodial interrogation is presumed to be involuntary—does not apply where there has been a break in custody of 14 days or more.  *Shatzer*, 559 US at 104-105, 110.  Therefore, even if defense counsel had stated that he was citing to the concurrence, *Shatzer* does not support defense counsel's argument that defendant's *Miranda* rights were violated when police officers approached him two years after the initial interrogation.  Thus, even if defense counsel's misstatement could be considered to fall below an objective standard of reasonableness, there is no evidence to suggest that the misstatement was so fundamentally prejudicial that defendant was denied a fair trial, or that the outcome of the case would have been different if defense counsel had not misspoken.  See *Trakhtenberg*, 493 Mich at 51.  Accordingly, defendant's claim must fail.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[5] *Edwards v Arizona*, 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981).