*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 15, 2020

v

No. 348036
Wayne Circuit Court
LC No. 18-006006-01-FC

MAURICE MALIK WILLIAMS,

Defendant-Appellant.

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions related to a fatal shooting that occurred during an armed robbery. Defendant argues that the prosecutor failed to present sufficient evidence to support his convictions of second-degree murder and armed robbery, as an aider and abettor. We affirm.

## I. BACKGROUND

This case arises from an unsuccessful armed robbery that occurred at the home of Shams Deen Aigoro, Jr. ("Deen"). Several individuals were present at the home along with Deen on the night in question, including Antoinette Thomas, Shamona Williams, and Brandon Young. Thomas was Deen's girlfriend, Williams was defendant's sister, and Young was defendant's uncle. Williams's home was located directly behind Deen's home.

Testimony at trial indicated that Deen and Williams began to argue. When Deen asked Williams to leave, she refused to do so. Deen telephoned police, who arrived at Deen's home and escorted Williams out. Approximately 20 minutes later, Williams returned to Deen's home and argued with Thomas. Deen and Young separated the two women. Williams then made a telephone call, sent text messages, and stated to Deen, "I got you. I got you. I got something for you."

Defendant received a text message from Williams asking defendant to pick her up. When defendant received the text message, he was at his home with his two cousins, Maurice Norton and Marques Goodman. Norton stated, "Mona always getting into it with somebody. I'm gonna have to bust him up." Norton asked defendant whether Deen had money and defendant responded

-1-

affirmatively, stating that that Deen was "the weed man." With a gun in his hand, Norton told defendant he was going to rob Deen. Norton then packed an extra set of clothes into which he planned to change after the planned robbery. Defendant replied that he was just trying to pick up his sister.

Asianaie Grandberry, defendant's girlfriend, received a text message from defendant, asking her to provide him transportation so that he could pick up Williams. Grandberry picked up defendant, Goodman, and Norton from defendant's home, and drove to Williams's house. After defendant discovered that Williams was not at her house, defendant and Norton walked across the alley to Deen's house.

Defendant and Norton walked to Deen's back door, and defendant rang the doorbell. Young opened the door, and Norton immediately shot him. Defendant yelled, "No, that's my uncle!" Norton fled the scene. Defendant helped Young to Grandberry's vehicle, and she drove defendant, Young, and Williams to the hospital, where Young died of a single gunshot wound to the face.

After the close of proofs, the jury convicted defendant of second-degree murder, MCL 750.317, armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to a term of 17 to 40 years in prison for the second-degree murder conviction, 11 to 30 years in prison for the armed-robbery conviction, and 2 years in prison for the felony-firearm conviction.

This appeal followed.

## II. ANALYSIS

On appeal from his convictions, defendant argues that the prosecutor failed to present sufficient evidence to support his convictions of second-degree murder and armed robbery.

This Court reviews de novo challenges to the sufficiency of the evidence at a criminal trial. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Id*. "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Notably, the prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge his responsibility; he need "only convince the jury in the face of whatever contradictory evidence the defendant may provide." *Bailey*, 310 Mich App at 713 (cleaned up). "Further, circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (cleaned up).

## A. SECOND-DEGREE MURDER

Defendant first argues that the prosecutor failed to present sufficient evidence to support his conviction of second-degree murder, as an aider and abettor. Defendant acknowledges that

Norton shot the victim, but argues that the prosecutor failed to show defendant's knowledge that Norton carried a gun or intended to use the gun. To prove that a defendant committed second-degree murder under MCL 750.317, the prosecutor must establish four elements: "(1) a death, (2) the death was caused by an act of the defendant, (3) the defendant acted with malice, and (4) the defendant did not have lawful justification or excuse for causing the death." *People v Smith*, 478 Mich 64, 70; 731 NW2d 411 (2007) (citation omitted).

In this case, however, the prosecutor proceeded against defendant on an aiding-and-abetting theory. "[B]eing an aider and abettor is simply a theory of prosecution that permits the imposition of vicarious liability for accomplices." *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (cleaned up). Michigan's aiding and abetting statute provides:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense. [MCL 767.39.]

"Aiding and abetting describes all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of a crime." *People v Bulls*, 262 Mich App 618, 625; 687 NW2d 159 (2004) (cleaned up). "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v Lawton*, 196 Mich App 341, 352; 492 NW2d 810 (1992). Mere presence, however, "even with knowledge that an offense is about to be committed or is being committed, is insufficient to establish that a defendant aided or assisted in the commission of the crime." *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999).

Thus, to support a finding that a defendant aided and abetted a crime, the prosecutor must show that

> (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement. An aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. [*People v Carines*, 460 Mich 750, 757-758; 597 NW2d 130 (1999) (cleaned up).]

In addition to liability "for the crime the defendant intends to aid or abet" (in this case, armed robbery), the prosecutor can establish a defendant's intent for second-degree murder under an aiding and abetting theory by showing that second-degree murder was the "natural and probable" consequences of that crime. *Robinson*, 475 Mich at 14-15.

Defendant does not argue that the prosecutor failed to establish the first element of aiding and abetting second-degree murder. It is undisputed that Norton shot Young, who died of a single gunshot wound to the face. Therefore, the prosecutor presented sufficient evidence that the crime

charged was committed by the defendant or some other person. See *Carines*, 460 Mich at 757-758.

Defendant does, however, argue that the prosecutor failed to establish the second element of aiding and abetting second-degree murder. Defendant argues on appeal that he did not perform acts or give encouragement that assisted Norton in the commission of the armed robbery. The record in this case, however, does not support defendant's argument. When defendant received Williams's text message about picking her up, Norton indicated an intent to harm Deen, stating that he was going to "bust him up." Norton asked defendant whether Deen had any money, and defendant responded in the affirmative. With a gun in hand, Norton told defendant that he planned to rob Deen. Knowing of Norton's plan and the fact that he was armed with a gun, defendant permitted Norton to ride with him in Grandberry's vehicle. Defendant then stood next to Norton while he rang Deen's doorbell. When Norton shot Young, defendant yelled, "No, that's my uncle!" From this utterance, the jury could have concluded that defendant knew that a person other than Young was the intended target of the robbery and that the wrong person had been shot. "Aiding and abetting describes all forms of assistance rendered to the perpetrator of a crime and comprehends all words or deeds that might support, encourage, or incite the commission of a crime." *Bulls*, 262 Mich App at 625. Based on the facts of record in this case, we conclude that the prosecutor presented sufficient evidence that defendant performed acts or gave encouragement that assisted the commission of the armed robbery, which resulted in the victim's death.

Finally, the prosecutor established the third element of aiding and abetting second-degree murder by showing second-degree murder was the natural and probable consequence of an armed robbery. *Robinson*, 475 Mich at 14-15. The testimony presented at trial indicated defendant's knowledge that Norton intended to rob Deen while armed. A person's death was the natural and probable consequence of committing an armed robbery with a loaded gun. Therefore, the prosecutor presented sufficient evidence that the defendant intended the commission of the crime of second-degree murder or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

Defendant argues that the prosecutor failed to show defendant's knowledge that Norton carried a gun or intended to use the gun. This argument is not supported by the record. Defendant admitted that Norton had a gun in his hand when Norton told defendant he was going to rob Deen. In addition, defendant admitted he was familiar with Norton's gun because Norton kept that gun at defendant's house. "An aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal." *Carines*, 460 Mich at 758.

Defendant also argues that he only wanted to pick up his sister, and that he therefore lacked the requisite intent to commit the offense. This argument is unavailing because, under an aiding-and-abetting theory, a defendant is liable for the "natural and probable consequences of that crime." *Robinson*, 475 Mich at 14-15. Defendant knew that Norton intended to carry out an armed robbery against Deen, and death was the natural and probable consequence of committing an armed robbery with a loaded gun. "The victim's death is clearly within the common enterprise the defendant aided because a homicide might be expected to happen if the occasion should arise within the common enterprise" of committing an armed robbery. *Id*. at 11 (cleaned up).

The prosecutor presented sufficient evidence to support defendant's conviction of second-degree murder under an aiding and abetting theory.

## B. ARMED ROBBERY

Defendant also suggests that the prosecutor failed to present sufficient evidence to support defendant's conviction of armed robbery under an aiding and abetting theory. Defendant contends that no one was robbed, no one announced a robbery, and nothing was taken. Defendant abandoned appellate review of this issue because he did not raise it in his statement of the question presented. See *People v Unger*, 278 Mich App 210, 262; 749 NW2d 272 (2008). Nonetheless, our review of the record indicates that defendant's claim is without merit.

Michigan's armed-robbery statute, MCL 750.529, provides:

A person who engages in conduct proscribed under [MCL 750.530] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.

Michigan's unarmed-robbery statute, MCL 750.530, provides:

(1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.

(2) As used in this section, "in the course of committing a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

Thus, to establish armed robbery, the prosecutor must prove:

(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007) (cleaned up).]

The term "attempt" means the "act or an instance of making an effort to accomplish something, especially without success. . . . An overt act that is done with the intent to commit a crime but that falls short of completing the crime." *People v Williams*, 491 Mich 164, 173-174; 814 NW2d 270 (2012) (cleaned up). Thus, "the phrase 'in an attempt to commit the larceny'

applies to situations in which a criminal defendant makes an effort or undertakes an overt act with an intent to deprive another person of his property, but does not achieve the deprivation of property." *Id*. at 174 (cleaned up).

Viewing the evidence in the light most favorable to the prosecutor, the same evidence that supports defendant's conviction of second-degree murder under an aiding and abetting theory also supports his conviction of armed robbery under an aiding and abetting theory.

The prosecutor established the first element of aiding and abetting an armed robbery by showing that Norton, in the course of committing a larceny of money or other property from Deen, possessed a gun and shot Young, who was present at Deen's home. The prosecutor established the second element by showing that defendant performed overt acts which assisted in the commission of the armed robbery, such as verifying that Deen would have money available in his home and providing Norton transportation to Dean's home. Finally, the prosecutor established the third element by showing that defendant knew Norton intended to rob Deen when defendant performed the overt acts. On this record, the prosecutor presented sufficient evidence to support defendant's conviction of armed robbery under an aiding and abetting theory.

Defendant argues that an armed robbery did not occur because no one was robbed and nothing was taken. Contrary to defendant's argument, a completed larceny is not required to support a conviction of armed robbery. "[W]hen an intended robber is in possession of, appears to be in possession of, or represents that he is in possession of a dangerous weapon as stated in MCL 750.529, that person may be guilty of armed robbery even if the larcenous taking is not completed." *Williams*, 491 Mich at 183.

Although defendant argues that an armed robbery did not occur because no one announced a robbery, he fails to provide caselaw to support his assertion. An appellant may not simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013) (cleaned up). Thus, defendant's assertion lacks merit.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kathleen Jansen
/s/ Stephen L. Borrello