PEOPLE v CURRY

Docket Nos. 78216, 78784. Submitted February 8, 1985, at Lansing.—
    Decided May 8, 1985. Leave to appeal applied for.

    In 1977, Anthony Curry was convicted of breaking and entering a
motor vehicle for the purpose of stealing property worth not
less than five dollars and of being a six time habitual offender
following a jury trial in Ingham Circuit Court, Ray C. Hotch-
kiss, J. Judge Hotchkiss thereafter sentenced the defendant to
three to five years in prison on the breaking and entering
conviction and to life imprisonment on the habitual offender
conviction. Defendant appealed. The Court of Appeals re-
manded the matter to the trial court for a determination of the
constitutionality of defendant's prior convictions. Judge Hotch-
kiss upheld the constitutionality of all the challenged convic-
tions. The Court of Appeals thereafter affirmed defendant's
convictions. Docket No. 77-5243, decided September 21, 1979
[Unpublished]. Defendant sought leave to appeal to the Su-
preme Court. The Supreme Court, in lieu of granting leave to
appeal, vacated the Court of Appeals judgment and remanded
the case to the Court of Appeals for reconsideration in light of
*People v Coles,* 417 Mich 523 (1983). 419 Mich 871 (1984).

    In January, 1984, defendant filed a delayed motion for a new
trial in Ingham Circuit Court, requesting that his 1970 at-
tempted larceny conviction be set aside on the basis that the
conviction was based upon a plea of guilty made by defendant
without his first being advised of his right against compulsory
self-incrimination. The court, Jack W. Warren, J., denied the
delayed motion for new trial. Defendant sought leave to appeal

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 29 *et seq.*
[2] 58 Am Jur 2d, New Trial § 212.
[3-5] 21 Am Jur 2d, Criminal Law § 588 *et seq.*
[6, 7] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 1
    *et seq.*
[8] 21 Am Jur 2d, Criminal Law §§ 583, 595.
[9] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.
Imposition of enhanced sentence under recidivist statute as cruel
    and unusual punishment. 27 ALR Fed 110.

to the Court of Appeals, which was granted. On defendant's motion, the Court of Appeals consolidated the new trial denial appeal with the habitual offender appeal, since the 1970 attempted larceny conviction was one of the felonies upon which the habitual offender conviction was based. *Held:*

1. Courts do not look with favor upon long-delayed motions for a new trial. Accordingly, although defendant was not properly informed of his right against self-incrimination at the time of the 1970 guilty plea, the trial court did not abuse its discretion in denying the 1984 motion for new trial, in view of the fact that there is nothing to indicate that defendant ever claimed that he was innocent of the 1970 offense.

2. A life sentence under the enhanced sentence provisions of the habitual offender statute is not in and of itself cruel and unusual punishment.

3. A sentencing court, when considering the sentence to be imposed on a person found to be an habitual offender, must make sure that the sentence fits the crime as well as the criminal. It was an abuse of discretion for the sentencing court to focus solely upon defendant's habitual offender status, since being an habitual offender is not a separate crime but is rather the means by which the sentence on the underlying felony may be enhanced.

4. The sentence imposed in the present case offended the conscience of the Court of Appeals and therefore constituted an abuse of discretion mandating remand for resentencing.

Affirmed in part but remanded for resentencing.

1. NEW TRIAL — DELAY.

Courts do not look with favor on long-delayed motions for new trial in criminal cases in view of the practical problems of prosecuting an offense after the passage of a long period of time as the people's case may be defeated by the death or absence of witnesses.

2. NEW TRIAL — APPEAL.

A delayed motion for new trial is addressed to the sound discretion of the trial court; the trial court's decision relative to a delayed motion for new trial will not be disturbed on appeal unless a clear abuse of discretion is shown.

3. CRIMINAL LAW — SENTENCING.

A court, in determining sentence, may appropriately conduct an inquiry broad in scope and largely unlimited either as to the kind of information it may consider or the source from which that information may come.

4. CRIMINAL LAW — SENTENCING.

The proper criteria for determining an appropriate sentence include: 1) the disciplining of the wrongdoer, 2) the protection of society, 3) the potential for reformation of the offender, 4) the deterring of others from committing like offenses, 5) the nature and severity of the crime committed, 6) the existence of behavior by the defendant which demonstrates disrespect for legal process or a lack of respect for the law, and 7) the defendant's previous criminal record.

5. CRIMINAL LAW — SENTENCING.

The modern view of sentencing is that the sentence should be tailored both to the particular circumstances of the case and to the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential.

6. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS.

The Legislature did not intend to make a substantive crime out of being a habitual offender, but for deterrent purposes intended to augment the punishment for second or subsequent offenders; the habitual offender statute merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence under· the statute (MCL 769.10 *et seq.;* MSA 28.1082 *et seq.).*

7. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS.

The statutes providing for enhanced sentences upon a determination that the defendant is a habitual offender are constitutional and sentences under them are not cruel and unusual punishment, since the state has the right to protect its citizens from individuals who continue to engage in criminal activities (MCL 769.10 *et seq.;* MSA 28.1082 *et seq.).*

8. CRIMINAL LAW — SENTENCING — APPEAL.

An appellate court, upon finding that a trial court in imposing sentence in a criminal case has so abused its discretion as to shock the conscience of the appellate court, may not resentence the defendant but must remand the case to the trial court for resentencing with a specific statement of the reasons for the remand.

9. CRIMINAL LAW — SENTENCING — HABITUAL OFFENDERS.

It is an abuse of discretion for a court to impose a life sentence pursuant to the sentence enhancement provision of the habitual offender statute where the underlying felony would, without enhancement, be punishable by a prison term of not more

than five years and the court focused solely upon the habitual offender status, since under such circumstances the sentencing court has clearly failed to tailor the sentence to the nature of the crime as well as to the nature of the criminal (MCL 769.12; MSA 28.1084).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Susan L. LeDuc,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karla K. Goodman),* for defendant on appeal.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. Defendant, Anthony Curry, appeals in each of two consolidated appeals.

In case number 78216, defendant appeals from 1977 jury convictions for entering or breaking into a motor vehicle for the purpose of stealing property worth not less than $5, contrary to MCL 750.356a; MSA 28.588(1), and of being an habitual offender (sixth felony), contrary to MCL 769.12; MSA 28.1084. Defendant was sentenced to not less than three nor more than five years in prison on the breaking or entering conviction and to life imprisonment for the habitual offender conviction.

In case number 78784, defendant appeals from the May 31, 1984, denial of his motion for a new trial in regard to a 1970 plea-based conviction for attempted larceny in a building, contrary to MCL 750.360; MSA 28.592 and MCL 750.92; MSA 28.287. Defendant was sentenced to not less than one and one-half nor more than two years in prison for that offense. Defendant appeals by leave granted from denial of his motion. Since defen-

dant's 1970 conviction was one of the underlying convictions for his 1977 habitual offender conviction, the cases were consolidated on appeal.

In case number 78216, defendant had been convicted by a jury of removing a bank bag containing approximately $40 from an unoccupied car. The same jury also found that this was defendant's sixth felony offense, after which Judge Ray C. Hotchkiss, then an Ingham County Circuit Court Judge, imposed the enhanced life sentence as an habitual offender. Defendant appealed his convictions to this Court. In his original appellate brief, defendant raised eight issues, none of which concerned the constitutionality of the convictions upon which the habitual criminal conviction was based or the propriety of the sentence imposed. However, on or about November 7, 1978, defendant moved to have the case remanded for determination of the constitutionality of the convictions upon which his habitual criminal conviction was based. The prosecution objected to the remand as being untimely. On January 17, 1979, this Court remanded the case to Judge Hotchkiss for determination of the constitutionality of defendant's prior convictions, but retained jurisdiction.

On April 12, 1979, after argument, Judge Hotchkiss upheld the constitutionality of all convictions challenged. He did, however, hold that two 1973 convictions could only be considered as one conviction for habitual offender purposes. This Court did not request submission of additional briefs on the issue of the constitutionality of the convictions and, on September 21, 1979, issued an unpublished, per curiam opinion affirming defendant's convictions.[1] This Court did not discuss defendant's claims that the convictions upon which his habit-

---

[1] *People v Curry,* Docket No. 77-5243, released September 21, 1979.

ual offender conviction was based were constitutionally infirm.

Defendant applied for leave to appeal to the Supreme Court on August 14, 1981. Among other things, he alleged that his punishment was cruel or unusual and that the convictions upon which his habitual offender conviction was based were constitutionally infirm. On May 7, 1984, in lieu of granting leave to appeal, the Supreme Court vacated this Court's judgment and remanded to this Court for reconsideration in light of *People v Coles*.[2]

On January 20, 1984, while awaiting the Supreme Court's decision in case number 78216, defendant filed a delayed motion for new trial with respect to one of the underlying convictions leading to his habitual offender conviction, which, as previously indicated, is the subject matter of case number 78216. The challenged conviction was based on an April 3, 1970, plea to attempted larceny in a building, taken before Ingham County Circuit Court Judge Jack W. Warren. During his plea-taking proceedings, Judge Warren informed defendant that by pleading guilty he waived the right to trial by jury, the right to representation by an attorney and the right to have his guilt proven beyond a reasonable doubt. However, Judge Warren did not advise defendant that his plea of guilty waived his right against compulsory self-incrimination and his right of confrontation. On May 31, 1984, Judge Warren entered an opinion and order denying defendant's delayed motion for new trial. Defendant's appeal of such order is case number 78784. On this consolidated appeal defendant raises two issues.

First, in case number 78784, defendant claims

---

[2] 417 Mich 523; 339 NW2d 440 (1983).

that the trial court abused its discretion in denying his delayed motion for a new trial. We do not look with favor upon long-delayed motions for new trials.[3] Long delays often make reprosecution impossible because of death or unavailability of witnesses. Whether to grant a delayed motion for new trial is within the sound discretion of the trial court and that decision will not be disturbed on appeal unless a clear abuse of discretion is shown.[4]

Defendant's delayed motion for new trial on the 1970 attempted larceny conviction was not made until some 14 years after the date of his conviction. The record establishes that defendant was questioned sufficiently to establish the facts of the offense and that defendant committed the offense. Nothing indicates that defendant has ever contended that he was innocent of the crime to which he pled guilty. In light of the strong evidence that defendant committed the crime, with no evidence presented to the contrary, we hold that there was no abuse of discretion in denying defendant's long-delayed motion for new trial.

Second, in case number 78216, defendant claims that the trial court abused its discretion by sentencing him to life imprisonment on the habitual offender conviction after he had been convicted of breaking or entering a motor vehicle for the purpose of stealing property worth not less than $5.

When sentencing a defendant, the trial court may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information considered or the source of such information.[5]

[3] *People v Barrows*, 358 Mich 267, 272; 99 NW2d 347 (1959); *People v Fournier*, 86 Mich App 768, 786; 273 NW2d 555 (1978).

[4] *Barrows, supra*, p 272.

[5] *People v Van Sickle*, 116 Mich App 632, 638; 323 NW2d 314 (1982).

Proper criteria for determining an appropriate sentence include: (1) the disciplining of the wrongdoer; (2) the protection of society; (3) the potential for reformation of the offender; and (4) the deterring of others from committing like offenses.[6] Other appropriate considerations are the nature and severity of the crime committed,[7] behavior by the defendant which demonstrates a disrespect for legal processes and a lack of respect for the law,[8] and defendant's previous criminal record.[9] The modern view of sentencing is that the sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential.[10]

When an offender is convicted of a second felony, the court may sentence that person to a maximum term that is up to one and one-half times the longest term prescribed for a first conviction of that offense.[11] If a person has been convicted of two or more felonies and commits a subsequent felony, that person may be punished by imprisonment for a maximum term which is not more than twice the longest term prescribed by law for a first conviction of that offense.[12] If a person has been convicted of three or more felonies and commits a susequent felony punishable upon a first conviction for a maximum term of five

---

[6] *People v Coles, supra,* p 550; *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972).

[7] *People v Stevens,* 128 Mich App 354, 358; 340 NW2d 852 (1983).

[8] *People v Stubbs,* 99 Mich App 643, 648; 298 NW2d 612 (1980), *lv den* 409 Mich 933 (1980).

[9] *People v Davis,* 101 Mich App 198, 200; 300 NW2d 497 (1980).

[10] *People v Mack,* 112 Mich App 605, 612; 317 NW2d 190 (1981).

[11] MCL 769.10; MSA 28.1082.

[12] MCL 769.11; MSA 28.1083.

years or more, the court may sentence the person for a term of life or to a lesser term.[13]

Convictions under the habitual offender statute are based upon additional, particular criminal acts and not upon the individual's status as an habitual criminal.[14] The Legislature did not intend to make a substantive crime out of being an habitual offender, but for deterrent purposes intended to augment the punishment for second or subsequent offenders.[15] The habitual offender legislation merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence.[16] It requires the courts to take into consideration the persistence of the defendant in his criminal course.[17] The statutes are constitutional and the sentences under them are not cruel and unusual, because the state has a right to protect itself from individuals who continue to engage in criminal activities.[18] The sentencing guidelines promulgated by the Supreme Court were not in effect when defendant was sentenced, and he concedes that they do not apply to those convicted as habitual offenders.

We will review a trial court's exercise of discretion in sentencing, but we will afford relief to the defendant only if we find that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks our conscience.[19] A sentence is excessively severe when it far exceeds what all

[13] MCL 769.12; MSA 28.1084.

[14] People v Potts, 55 Mich App 622, 639; 223 NW2d 96 (1974), lv den 394 Mich 771 (1975).

[15] People v Hendrick, 398 Mich 410, 416-417; 247 NW2d 840 (1976), reh den 400 Mich 951 (1977).

[16] Hendrick, supra, p 417.

[17] Hendrick, supra, p 416.

[18] Potts, supra, p 639.

[19] Coles, supra, p 550.

reasonable persons would perceive to be an appro-
priate social response to the crime committed and
the criminal who committed it.[20] A sentence does
not constitute cruel and unusual punishment
when it is within the statutory limits and does not
shock the judicial conscience.[21] When we find that
the trial court has abused its discretion in sentenc-
ing a defendant, we remand the case to the trial
court for resentencing, with a specific statement of
the reasons for the remand.[22]

The testimony at trial indicated that the circum-
stances of the crime were as follows. On July 12,
1977, defendant, Anthony Curry, and another
man, Robert Hall, were seen standing next to a
yellow car. Both men walked across the parking
lot to a dark green Chevrolet. Hall got into the car
on the driver's side and Curry stood near the front
door on the passenger side of the automobile.
Curry did not get into the green car; instead, he
walked back over to the driver's side of the yellow
car, reached into the car with his left hand, and
retrieved a bank money bag containing $40, which
he put under his jacket. Complainant had left the
bag on the front seat of his yellow Cutlass while
he went inside a nearby building. The car window
was open.

Curry then walked back to the green Chevrolet
and sat down on the passenger side of that vehicle.
A witness to the incident asked complainant if
anything was missing when he came out of the
building. The police arrested Hall and Curry and
recovered the money bag from a green Chevrolet
parked nearby. As a result of the incident, Curry
was convicted of entering or breaking a motor

---

[20] *Coles, supra,* pp 542-543.

[21] *People v Knoll,* 137 Mich App 701, 704; 358 NW2d 926 (1984).

[22] *Coles, supra,* pp 550-551.

vehicle for the purpose of stealing property worth not less than $5 and of being an habitual offender.

Defendant contends that the sentence to life imprisonment for the crime of stealing about $40 from an automobile was excessively severe, constituting an abuse of the trial court's discretion or cruel and unusual punishment. The trial court gave the following reasons for its imposition of a life sentence:

"*The Court:* The court reviewed the summary of the investigating officer and as is its practice then reviewed the body of the report. I was particularly struck with page two and after spending nine years in probate court dealing with juvenile matters I looked over the juvenile circumstances there and to be very frank with you, Mr. Bissell, I didn't formulate any particular opinion relative to Mr. Curry as a result of that other than he had some involvements with probate court and over the period of approximately four or five years he was at the court's attention they apparently made no successful progress with him, either because of himself or his home life or whatever. He didn't seemingly get out of the flow of crime.

"What did strike me as very difficult, however, was the fact that five prior instances Mr. Curry has been sentenced to the Michigan Corrections Commission for a period of anywhere from five to ten years to 18 to 24 months. Originally commenced with the breaking and entering in 1967 and larceny in a building in 1967 and attempted larceny in a building in '67—rather in '70. Then in 1973 he proceeded to larceny from a person and associated matter with assault with intent to do great bodily harm less than the crime of murder. Certainly this seems to indicate an upsurge in the form of crime and circumstances we are now involved in, particularly acts against a person without actual regard for the individual. *I will admit that the present case seems to be somewhat minor, but my considered opinion is that Mr. Curry is merely a criminal waiting for some instance to present itself in which he can augment his expertise.*

"Therefore, in consideration of the court's general policy that the first time or the second time the feeling of the court should be toward the rehabilitation of the defendant. The second or third time of a major felony the court should seriously consider the needs and wants of society as balanced against the rehabilitation factor of the defendant. The third and fourth time, additional play of the responsibility to the protection of society should be considered and certainly the fifth time one of the major concerns should be protection of society against a person of demonstrated, continual, habitual criminal inclinations. This is the sixth felony conviction relative to a possible commitment to the Michigan Corrections Commission." (Emphasis added.)

We conclude that the trial court abused its sentencing discretion to the extent that it shocks our judicial conscience. The trial judge focused not on the crime committed by defendant, which was relatively minor, but on his status as an habitual criminal.[23] If a sentence is to be tailored not only

[23] The "Notice of Intent to Charge Habitual Criminal Status" read as follows:

"NOW COMES Peter D. Houk, Prosecuting Attorney for the County of Ingham, for and in behalf of the State of Michigan and gives notice of intent to file a Supplemental Information upon arraignment and/or conviction in the above cause, said Supplemental Information charging the above defendant as a Habitual Criminal, to-wit:

"The conviction of the said Anthony Curry upon the charge of Breaking or Entering of an Auto in violation of MCLA 750.356a, MSA 28.588(1) will constitute a 6th felony or attempted felony conviction in that said Anthony Curry was duly convicted of: Larceny from a Person contrary to MCLA 750.357, MSA 28.589, on the 1st day of November, 1973, in the Circuit Court for the County of Ingham; and was duly convicted of Assault with intent to do Great Bodily Harm Less than Murder contrary to MCLA 750.84, MSA 28.279, on the 1st day of November, 1973, in the Circuit Court for the County of Ingham; and was duly convicted of Breaking and Entering contrary to MCLA 750.110, MSA 28.305, on the 16th day of November, 1967, in the Circuit Court for the County of Ingham; and was duly convicted of Larceny in a Building contrary to MCLA 750.360, MSA 28.592, on the 24th day of May, 1968, in the Circuit Court for the County of Ingham; and was duly convicted of Attempted Larceny in a Building contrary to MCLA 750.360, MSA 28.592, on the 30th day of April, 1970, in the Circuit Court for the County of Ingham, as made punishable under

to the individual but also to the crime committed, then we cannot permit the habitual offender aspect to be the sole factor in arriving at a sentence. The court must keep in mind the fact that it is sentencing the defendant for a particular statutory violation, and it should tailor a sentence that is an appropriate, albeit enhanced, penalty for that particular crime.

On the facts of this case, a sentence of life imprisonment for stealing $40 from an open car window was excessively severe. The crime committed by defendant, which triggered the life sentence, was relatively minor. The trial court appeared to focus solely on defendant's status as an habitual criminal, rather than on the nature of the crime giving rise to the sentence.

Defendant's April 3, 1970, plea-based conviction is affirmed. However, defendant's habitual offender conviction in case number 78216 is remanded to the trial court for resentencing pursuant to *Coles, supra.* On remand, the trial court should strive for a sentence that is appropriate for the crime committed and which gives consideration to the totality of the circumstances.

Affirmed but remanded for resentencing.

the provisions of MCLA 769.12, MSA 28.1084, increasing the maximum penalty to life."

On April 12, 1979, Judge Ray C. Hotchkiss granted defendant's motion to allow only one of the two counts of the 1973 conviction, leaving five felonies.