*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY JEREMIAH BURKETT,

Defendant-Appellant.

FOR PUBLICATION
June 17, 2021
9:15 a.m.

No. 351882
Oakland Circuit Court
LC No. 2019-270778-FC

Before: MURRAY, C.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84.[1] Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12(1)(a), to a term of 25 to 99 years' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

Defendant's AWIGBH conviction arose from a stabbing he perpetrated against Alicia Paris, during which he stabbed Paris eight times. On appeal, defendant does not challenge any aspect of the evidence against him at trial. Prior to trial, the prosecution filed a notice of intent to seek a sentence enhancement pursuant to MCL 769.12(1)(a) on the basis of defendant's three prior felony convictions: (1) operating while intoxicated causing death, MCL 257.625(4); (2) voluntary manslaughter, MCL 750.321; and (3) AWIGBH, MCL 750.84. At the arraignment, defense counsel acknowledged receipt of the notice. The parties again discussed the sentencing enhancement at a pretrial hearing. At sentencing, defendant pleaded guilty to being a fourth-

---

[1] The prosecution charged defendant with assault with intent to murder (AWIM), MCL 750.83. The jury acquitted defendant of this charge but convicted him of the lesser-included crime of AWIGBH.

offense habitual offender pursuant to MCL 769.12(1)(a).[2] In accordance with that sentence enhancement, the trial court sentenced defendant to a mandatory minimum term of 25 years' imprisonment.

After sentencing, defendant filed an appeal as of right in this Court. Defendant then filed a motion to remand, arguing that the trial court should decide whether the 25-year mandatory minimum sentence it imposed on him violated the United States Constitution's prohibition against cruel and unusual punishment or the 1963 Michigan Constitution's prohibition against cruel or unusual punishment. A panel of this Court denied defendant's motion to remand without prejudice to a case call panel of this Court later determining that remand was necessary. *People v Burkett*, unpublished order of the Court of Appeals, entered November 30, 2020 (Docket No. 351882).

## II. CONSTITUTIONALITY OF MCL 769.12(1)(a)

Defendant argues that the 25-year mandatory minimum sentence imposed by MCL 769.12(1)(a) constitutes cruel and unusual punishment under the United States Constitution and cruel or unusual punishment under the Michigan Constitution. We disagree.

To preserve a claim that the defendant's sentences were unconstitutionally cruel or unusual, the defendant must raise the claim in the trial court. See *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013) ("Defendant did not advance a claim below that his sentences were unconstitutionally cruel or unusual, so this issue is unpreserved."). Defendant did not raise this claim below; therefore, this claim is unpreserved.

"This Court generally reviews constitutional questions de novo." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). However, we "review unpreserved constitutional issues for plain error affecting substantial rights." *People v Posey*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket Nos. 345491, 346039, and 351834); slip op at 3, lv pending. "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *People v Lockridge*, 498 Mich 358, 392-393; 870 NW2d 502 (2015). "An error affects substantial rights when it impacts the outcome of the lower court proceedings." *Posey*, ___ Mich App at ___; slip op at 3. "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *Lockridge*, 498 Mich at 392-393.

MCL 769.12 provides, in relevant part:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies . . . and that person commits a subsequent felony

---

[2] The court questioned defendant about his plea two separate times during the sentencing hearing. Although defendant appeared to express some confusion regarding the mandatory minimum sentence of 25 years' imprisonment, he twice affirmed that he had previously been convicted of and sentenced for AWIGBH, voluntary manslaughter, and operating while intoxicated causing death. Defendant does not challenge the propriety of the plea on appeal.

within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. [MCL 769.12(1)(a).]

Defendant does not dispute that MCL 769.12(1)(a) applies to him. Rather, defendant argues that the 25-year mandatory minimum sentence imposed by MCL 769.12(1)(a) violates both the United States Constitution's prohibition against cruel and unusual punishment and the Michigan Constitution's prohibition against cruel or unusual punishment. This argument is unpersuasive.

"The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art. 1, § 16, whereas the United States Constitution prohibits cruel *and* unusual punishment, US Const, Am VIII." *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011). "If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Id*. (cleaned up). "[U]nder the Michigan Constitution, the prohibition against cruel or unusual punishment include[s] a prohibition on grossly disproportionate sentences." *Id*.

This Court employs the following three-part test in determining whether a punishment is cruel or unusual: "(1) the severity of the sentence imposed and the gravity of the offense, (2) a comparison of the penalty to penalties for other crimes under Michigan law, and (3) a comparison between Michigan's penalty and penalties imposed for the same offense in other states." *Id*. "Legislatively mandated sentences are presumptively proportional and presumptively valid." *Brown*, 294 Mich App at 390. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Bowling*, 299 Mich App at 558 (cleaned up). "Statutes are presumed to be constitutional, and the courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent." *Benton*, 294 Mich App at 203 (cleaned up). This Court has previously held that habitual offender statutes "are constitutional and the sentences under them are not cruel and unusual, because the state has a right to protect itself from individuals who continue to engage in criminal activities." *People v Curry*, 142 Mich App 724, 732; 371 NW2d 854 (1985).[3]

---

[3] A prior version of MCL 769.12 was in effect when this Court decided *Curry*. See MCL 769.12, as amended by 1978 PA 77. However, the reasoning in *Curry* did not rely on the language of any particular habitual offender statute. Rather, the *Curry* Court concluded that such statutes were constitutional and the sentences imposed under them were neither cruel nor unusual "because the state has a right to protect itself from individuals who continue to engage in criminal activities." *Curry*, 142 Mich App at 732. According to the *Curry* Court, "[c]onvictions under the habitual offender statute are based upon additional, particular criminal acts and not upon the individual's status as [a] habitual criminal." *Id*. "Although not binding authority, decisions of this Court before November 1, 1990, may be persuasive." *People v Morrison*, 328 Mich App 647, 651 n 1; 939 NW2d 728 (2019).

As an initial matter, it is worth noting that defendant does not explicitly specify whether his challenge to MCL 769.12(1)(a) is a facial challenge or an as-applied challenge. "A facial challenge involves a claim that a legislative enactment is unconstitutional on its face, in that there is no set of circumstances under which the enactment is constitutionally valid." *People v Wilder*, 307 Mich App 546, 556; 861 NW2d 645 (2014). By contrast, "[a]n as-applied challenge . . . alleges a present infringement or denial of a specific right, or of a particular injury in process of actual execution of government action." *Id*. (cleaned up). The nature of defendant's argument on appeal appears to raise a facial challenge to the statute.

Defendant has failed to overcome the presumption that the legislatively mandated sentence imposed was proportionate and valid. See *Brown*, 294 Mich App at 390. Moreover, defendant's argument lacks merit under the 3-part test enumerated earlier. Regarding the first part of the test, we acknowledge that a 25-year mandatory minimum sentence is a harsh punishment. However, it is not an unduly harsh punishment considering the gravity of defendant's present conviction and three previous felony convictions. In the instant case, a jury found defendant guilty of AWIGBH. Paris testified that defendant stabbed her eight times. This undoubtedly constituted a serious and violent offense. Further, defendant does not dispute that he was previously convicted of three other felonies—AWIGBH, voluntary manslaughter, and operating while intoxicated causing death. While MCL 769.12(1)(a) requires that at least one of the defendant's prior offenses be a listed felony, all three of these prior convictions are listed felonies under MCL 769.12(6)(a). See MCL 769.12(6)(a)(*i*) and (*iii*). Moreover, two of these prior convictions involved the *death* of another human being.

In support of defendant's argument regarding the severity of the punishment at issue, he cites *People v Lorentzen*, 387 Mich 167; 194 NW2d 827 (1972), and *People v Bullock*, 440 Mich 15; 485 NW2d 866 (1992). In *Lorentzen*, the defendant, who had no prior convictions, was convicted pursuant to a statute that prohibited the sale of any quantity of marijuana and imposed a 20-year mandatory minimum sentence. *Lorentzen*, 387 Mich at 170-171. Our Supreme Court held that the sentence imposed by the statute constituted both cruel and unusual punishment under the federal Constitution and cruel or unusual punishment under the Michigan Constitution. *Id*. at 181. The Court reasoned, "A compulsory prison sentence of 20 years for a nonviolent crime imposed without consideration for defendant's individual personality and history is so excessive that it 'shocks the conscience.' " *Id*. In *Bullock*, our Supreme Court considered a statute that imposed a mandatory sentence of life in prison without possibility of parole for the possession of 650 grams or more of any mixture containing cocaine. *Bullock*, 440 Mich at 21. The statute in question applied even to first-time offenders. *Id*. at 37-38. The *Bullock* Court concluded that the penalty was "so grossly disproportionate as to be cruel or unusual." *Id*. at 37 (cleaned up). These cases are distinguishable from the sentence mandated by MCL 769.12(1)(a). Both *Lorentzen* and *Bullock* dealt with penalties imposed for nonviolent drug crimes, and the penalties in question did not require a showing of previous criminal activity. *Bullock*, 440 Mich at 21, 37-38; *Lorentzen*, 387 Mich at 170-171. By contrast, MCL 769.12(1)(a) only applies to individuals convicted of a serious felony who have previously been convicted of *three or more* felonies. Thus, we find defendant's comparison of the present case to the circumstances in *Lorentzen* and *Bullock*

unpersuasive.[4]  We conclude that the sentence is not disproportionate considering the gravity of the offense and the harshness of the penalty.  *Benton*, 294 Mich App at 204.

Regarding the third prong, defendant acknowledges that similar habitual-offender statutes have been upheld in other jurisdictions.  However, defendant claims that one such habitual-offender statute, California's "Three Strike's Law," is distinguishable from MCL 769.12(1)(a).  Specifically, defendant argues that, unlike MCL 769.12, the California law requires at least one of the defendant's prior offenses to be a violent offense, requires the jury to find the fact of the prior offense beyond a reasonable doubt, and allows California trial courts to vacate allegations of prior serious or violent felony convictions.  However, these differences do not compel the conclusion that MCL 769.12(1)(a) is unconstitutional, and defendant has not pointed to any other states' habitual-offender schemes that would indicate that the penalty imposed by MCL 769.12 is abnormally harsh in comparison.

Moreover, when finding California's three strikes law constitutional in *Ewing v California*, 538 US 11, 29-31; 123 S Ct 1179; 155 L Ed 2d 108 (2003), the Supreme Court did not focus on the aspects of the statute emphasized by defendant.  Rather, the Supreme Court concluded that "[i]t is enough that the State of California has a reasonable basis for believing that dramatically enhanced sentences for habitual felons advances the goals of its criminal justice system in any substantial way."  *Id*. at 28 (cleaned up).  The Supreme Court further stated:

> In weighing the gravity of [the defendant's] offense, we must place on the scales not only his current felony, but also his long history of felony recidivism.  Any other approach would fail to accord proper deference to the policy judgments that find expression in the legislature's choice of sanctions.  In imposing a three strikes sentence, the State's interest is not merely punishing the offense of conviction, or the "triggering" offense: It is in addition the interest in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by its criminal law.  To give full effect to the State's choice of this legitimate penological

---

[4] It appears as though defendant cites *Lorentzen* and *Bullock* to demonstrate the severity of the sentence for purposes of the first part of the test.  However, it is possible that he cited these cases for the second part of the test, i.e., to compare the penalty imposed under MCL 769.12(1)(a) to penalties for other crimes under Michigan law.  If defendant cited these cases for the first part of the test, then he failed to compare this penalty to that imposed in Michigan for other crimes, and we decline to do so for him.  "[A]n appellant may not simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."  *Bowling*, 299 Mich App at 559-560 (cleaned up).  If defendant cited these cases for the second part of the test, however, we still find the comparison equally unpersuasive.  We note that this Court has upheld the imposition of the 25-year mandatory minimum sentence for the offense of sexual penetration of a preteen victim by an adult, "[e]ven when there is no palpable physical injury or overtly coercive act . . . ."  *Benton*, 294 Mich App at 206.

goal, our proportionality review of [the defendant's] sentence must take that goal into account.

> [The defendant's] sentence is justified by the State's public-safety interest in incapacitating and deterring recidivist felons, and amply supported by his own long, serious criminal record. [The defendant] has been convicted of numerous misdemeanor and felony offenses, served nine separate terms of incarceration, and committed most of his crimes while on probation or parole. His prior "strikes" were serious felonies including robbery and three residential burglaries. To be sure, [the defendant's] sentence is a long one. But it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated. [*Id.* at 29-30 (cleaned up).]

These considerations also apply to MCL 769.12(1)(a) and support the conclusion that the penalty mandated by the statute does not constitute cruel or unusual punishment. Michigan, like California, has an interest in "incapacitating and deterring recidivist felons." *Ewing*, 538 US at 29. MCL 769.12(1)(a) only applies to individuals convicted of a serious felony who have previously been convicted of three or more felonies, at least one of which is a listed prior felony. Defendant's present conviction was for a serious felony—AWIGBH—during the commission of which he stabbed Paris eight times. As discussed earlier, all three of his prior felony convictions involved serious felonies, two of which even involved the death of the victims. Defendant's presentence investigation report (PSIR) indicates that his prior criminal record included three felony convictions and three misdemeanor convictions. Although the mandatory 25-year minimum sentence is long, it likewise "reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated." *Ewing*, 538 US at 30.

Consideration of the three-part test leads to the conclusion that the minimum sentence mandated by MCL 769.12(1)(a) is neither cruel nor unusual. Moreover, defendant has not presented this Court with any unusual circumstances that would render the presumptively proportionate legislatively mandated sentence disproportionate. *Bowling*, 299 Mich App at 558; *Brown*, 294 Mich App at 390. Considering this, the trial court did not plainly err by sentencing defendant in accordance with MCL 769.12(1)(a), thus imposing a 25-year minimum sentence.

## III. NOTICE OF SENTENCE ENHANCEMENT

Defendant argues that he is entitled to resentencing without the habitual-offender enhancement as a result of the prosecution's failure to file a proof of service for its notice of intent to seek a sentence enhancement. We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018) (cleaned up). Defendant did not challenge the prosecution's failure to file a proof of service for the notice of intent to seek a sentence enhancement at sentencing or in a motion for resentencing. Although defendant filed a

motion to remand in this Court, he did not raise this issue in that motion either.[5]  Therefore, this issue is unpreserved.

Generally, whether the prosecution failed to file the proof of service related to a habitual offender notice is an issue that this Court reviews "de novo as a question of law because it involves the interpretation and application of statutory provisions and court rules." *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018).  However, we review unpreserved claims for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).  "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Lockridge*, 498 Mich at 392-393.  "An error affects substantial rights when it impacts the outcome of the lower court proceedings." *Posey*, ___ Mich App at ___; slip op at 3.  "Reversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence."  *Lockridge*, 498 Mich at 392-393. "Unambiguous language in a statute or court rule is enforced as written." *Head*, 323 Mich App at 542.

MCL 769.13 provides, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement.  The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1).  The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings.  The prosecuting attorney shall file a written proof of service with the clerk of the court.

"The purpose of the notice requirement is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *Head*, 323 Mich App at 543 (cleaned up).  However, "[t]he failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the

---

[5] In the motion to remand, defendant noted in the statement of facts that the prosecution failed to file the proof of service.  However, defendant did not actually make any arguments regarding this failure.

defendant was not prejudiced in his ability to respond to the habitual-offender notification." *Id*. at 543-544. The *Head* Court ultimately concluded that the prosecution's failure to file the proof of service did not require resentencing because (1) the charging documents "apprised [the] defendant of his fourth-offense habitual-offender status," (2) the defendant received actual notice of the enhancement on the record at a preliminary examination, (3) the "defendant and defense counsel exhibited no surprise at sentencing when [the] defendant was sentenced as a fourth-offense habitual offender," (4) the prosecutor's intention to enhance the sentence "was acknowledged on the record by defendant and defense counsel at a pretrial hearing during the discussion of the prosecutor's final plea offer," and (5) and the defendant did not claim that he had "any viable challenge" to his status as a fourth-offense habitual offender. *Id*. at 544-545. Thus, the facts of the case demonstrated that the defendant received actual notice and the failure to file a proof of service did not prejudice the defendant's ability to respond to the habitual-offender notification such that any error was harmless. *Id*. at 544.

Here, the prosecution concedes that it did not file the required proof of service, and defendant concedes that "the record shows defense counsel actually received the notice within the time permitted by statute for filing it." However, defendant argues that a conflict exists in this Court's decisions regarding whether a defendant's actual notice of the intent to seek a sentence enhancement renders harmless the prosecution's failure to file the proof of service. Specifically, defendant claims that a conflict exists between *Head* and *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017, (Docket No. 328956). While acknowledging that this Court is bound by *Head*, defendant asks us to follow *Straughter* and remand for resentencing without the habitual offender enhancement.

We are bound to follow *Head*, a published decision by this Court that has not been reversed or modified. MCR 7.215(J)(1). Here, like in *Head*, the prosecution's failure to file the proof of service for its notice of intent to seek a sentence enhancement constituted harmless error because defendant had timely actual notice and his ability to respond to the notice was not prejudiced. *Head*, 323 Mich App at 543-544. First, defendant had actual notice. The record indicates—and defendant concedes—that defense counsel acknowledged receipt of the notice of intent at the arraignment. The sentence enhancement was again discussed at a pretrial hearing on October 2, 2019. Therefore, defendant had actual notice of the prosecution's intent to seek a sentence enhancement within 21 days of the arraignment. MCL 769.13(2); *Head*, 323 Mich App at 543-544.

Second, defendant's ability to respond to the notice was not prejudiced by the prosecution's failure to file a proof of service. Defense counsel discussed the potential enhancement at the arraignment and again at a pretrial hearing. Although defendant expressed some confusion at sentencing regarding the imposition of a 25-year mandatory minimum, neither he nor defense counsel expressed surprise at sentencing when defendant was sentenced as a fourth-offense habitual offender. In fact, defendant pleaded guilty at sentencing to being a fourth-offense habitual offender. Finally, although defendant challenges the constitutionality of the specific sentencing enhancement on appeal, this claim is without merit, as discussed earlier, and defendant has not otherwise claimed that the enhancement does not or should not apply to him. Because defendant had actual notice and the prosecution's failure to file a proof of service did not prejudice defendant's ability to respond to the notice, the prosecution's failure to file the statutorily required proof of service constituted harmless error. *Head*, 323 Mich App at 544. Defendant has not

established plain error affecting his substantial rights. *Lockridge*, 498 Mich at 392-393. Therefore defendant is not entitled to resentencing.

Affirmed.

/s/Christopher M. Murray
/s/Karen M. Fort Hood
/s/Michelle M. Rick