*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

PATRICK ALAN SOURANDER,

       Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 353707
Ogemaw Circuit Court
LC No. 14-004450-FC

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right the order of the trial court entered on remand convicting him of involuntary manslaughter, MCL 750.321, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years in prison for the involuntary manslaughter conviction and a consecutive sentence of two years for the felony-firearm conviction. Defendant also was convicted of felon in possession of a firearm, MCL 750.224f, felonious assault, MCL 750.82, and an additional count of felony-firearm, MCL 750.227b(1). Defendant was sentenced to serve concurrent prison terms of 76 months to 30 years for the felon in possession of a firearm conviction, 48 months to 15 years for the felonious assault conviction, and a consecutive two-year sentence for the additional felony-firearm conviction. We affirm.

## I. FACTS

On November 14, 2014, defendant, Patrick Alan Sourander, shot and killed Brett Ritter outside a bar in West Branch. According to defendant, he saw Brett's brother, Justin Ritter, hitting a woman and attempted to intervene. Brett then entered the fray and pushed defendant, who drew a gun and pointed it into the air while moving away. When Brett tried to grab the gun, it accidentally discharged, killing Brett. In contrast to this version of events, the prosecution presented evidence that defendant pointed the gun at Justin; when Brett intervened and walked defendant backward, defendant raised the gun and shot Brett in the chest, killing him.

Defendant was convicted by a jury of second-degree murder, MCL 750.317, felon in possession of a firearm, MCL 750.224f, felonious assault, MCL 750.82, and two counts of felony-

firearm, MCL 750.227b(1). Defendant was sentenced to serve concurrent prison terms of 36 to 50 years for the second-degree murder conviction, 76 months to 30 years for the felon in possession of a firearm conviction, and 48 months to 15 years for the felonious assault conviction. He was sentenced to two two-year sentences for the felony-firearm convictions, to be served consecutively to the murder and assault convictions.

Defendant appealed to this Court raising numerous challenges to his convictions, including that the trial court erred by refusing defense counsel's request to instruct the jury regarding involuntary manslaughter. This Court affirmed in part, but reversed defendant's conviction of second-degree murder and the corresponding felony-firearm conviction. *People v Sourander*, unpublished per curiam opinion of the Court of Appeals, issued January 25, 2018 (Docket No. 332091). This Court held that because defendant's testimony regarding the incident presented a theory of an unintentional shooting during a struggle, the trial court erred by declining to instruct the jury regarding common-law involuntary manslaughter as requested by the defense. This Court explained that because common-law involuntary manslaughter is a lesser included offense of murder, a trial court is required to instruct the jury on common-law involuntary manslaughter if requested by the defendant and if the instruction is supported by a rational view of the evidence. *Id*. at 12.

This Court remanded the case to the trial court for, at the prosecutor's election, either retrial on the second-degree murder and corresponding felony-firearm counts or entry of convictions of involuntary manslaughter, MCL 750.321, and felony-firearm, in lieu of the second-degree murder and the corresponding felony-firearm convictions. *Sourander*, unpub op at 13. On remand, the prosecutor elected entry of the involuntary manslaughter conviction and accompanying felony-firearm conviction. Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years for the involuntary manslaughter conviction and a consecutive sentence of two years for felony-firearm, with the sentences for the other convictions remaining the same. Defendant now appeals.

## II. DISCUSSION

### A. NOTICE OF SENTENCE ENHANCEMENT

Defendant contends that he is entitled to resentencing because he lacked actual notice that, as a fourth-offense habitual offender, he would be subject to a 25-year mandatory minimum sentence upon conviction for involuntary manslaughter. Whether defendant was properly sentenced as a fourth-offense habitual offender presents a question of law that we review de novo. See *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018).

If a prosecutor intends to seek habitual-offender sentencing enhancement under MCL 769.12, he or she must provide notice of the intent to do so. In that regard, MCL 769.13 provides, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if

arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

Similarly, MCR 6.112(F) provides:

A notice of intent to seek an enhanced sentence pursuant to MCL 769.13 must list the prior convictions that may be relied upon for purposes of sentence enhancement. The notice must be filed within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated as allowed under MR 6.113(E), within 21 days after the filing of the information charging the underlying offense.

The purpose of the notice requirement "is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *Head*, 323 Mich App at 543 (quotation marks and citations omitted).

In this case, defendant was charged with second-degree murder, among other charges. The preliminary examination was held December 1, 2014, and defendant was bound over to the trial court on five felony counts. Defendant waived arraignment, and on December 10, 2014, the prosecutor filed a written notice of intent to seek habitual-offender sentence enhancement under MCL 769.12(1)(a). As required by MCL 769.13(2), the notice identified the prior convictions on which the prosecution relied, and as required by MCL 769.13(1), the notice was filed within 21 days of the arraignment or filing of the information that charged defendant with the underlying offense. The trial court's register of actions indicates that the proof of service of the notice and information was filed with the trial court. The prosecutor thus complied with the statutory and court rule notice requirements for seeking habitual-offender sentencing enhancement.

Defendant contends, however, that although the notice indicated conviction under the habitual offender statute would result in a 25-year mandatory minimum sentence, the notice was deficient because it did not specify that the 25-year mandatory minimum sentence applied to conviction of lesser included offenses, such as involuntary manslaughter. We disagree. Neither MCL 769.13 nor MCR 6.112 requires a habitual-offender notice to state that a mandatory minimum sentence applies to a lesser-included offense, and we will not read that additional requirement into the statute or the court rule. See *Head*, 323 Mich App at 546. Moreover, in this case the notice stated that defendant was subject to a 25-year mandatory minimum sentence and provided sufficient information from which to determine his potential sentence. We therefore reject defendant's claim that the notice was deficient. See *id*.

## B. COMMON-LAW MANSLAUGHTER

Defendant contends that the trial court erred on remand by entering a conviction of common-law manslaughter rather than entering a conviction of statutory manslaughter, which defendant argues would not have subjected him to a 25-year mandatory minimum sentence. Defendant concedes that in entering a conviction for common-law manslaughter, the trial court properly followed *People v Smith*, 478 Mich 64; 731 NW2d 411 (2007), but argues that an error nonetheless exists because in *Smith* the Michigan Supreme Court incorrectly decided that statutory involuntary manslaughter and common-law involuntary manslaughter are not the same offense. We disagree that the trial court erred.

In the previous appeal in this case, this Court determined that the trial court erred by declining to instruct the jury on common-law involuntary manslaughter because that offense is a necessarily-included lesser offense of second-degree murder and in this case the instruction was supported by a rational view of the evidence. This Court explained:

> Binding caselaw is clear that *statutory* involuntary manslaughter is not a necessarily-included lesser offense of second-degree murder because the elements of second-degree murder do not entirely subsume the elements of statutory involuntary manslaughter. *People v Smith*, 478 Mich 64, 71; 731 NW2d 411 (2007). Common-law involuntary manslaughter, however, *is* "an inferior offense of murder," and an instruction on this offense is warranted "when a rational view of the evidence would support it." [*People v*] *Mendoza*, 468 Mich [527] at 548[; 664 NW2d 685 (2003)]; see also *Smith*, 478 Mich at 73. [*Sourander*, unpub op at 12 (footnote omitted).]

On remand, the trial court followed this Court's remand order and entered an order convicting defendant of common-law involuntary manslaughter in lieu of the previous conviction of second-degree murder. We observe that defendant does not contend that the trial court failed to follow this Court's remand order, but rather challenges the legal accuracy of *Smith*, thus challenging the basis of this Court's remand order. We disagree, and also observe that defendant's challenge is beyond the scope of the remand.

When an appellate court remands for a limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand. *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Because the scope of the second appeal is limited by the scope of the remand, challenges on appeal are limited to matters that arose during the remand proceedings. *Id*. Here, defendant does not contend that the trial court acted contrary to the remand order, but instead challenges the legal basis of this Court's remand order in the prior appeal. Because this Court's decision in the prior appeal is not part of the trial court proceedings on remand, defendant's challenge is outside the scope of the remand and thus not properly before this Court.

Additionally, this Court is precluded by the doctrine of law of the case from revisiting its earlier decision. See *People v Herrera*, 204 Mich App 333, 340; 514 NW2d 543 (1994) ("an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case"). When an appellate court has

determined a legal question and remanded the case for further proceedings, that legal question will not be determined differently in a subsequent appeal in the same case where the facts remain substantially the same. *People v Zitka*, 335 Mich App 324, 334; 966 NW2d 786 (2020).

The law of the case doctrine is not inflexible, and particularly in a criminal case may be overlooked if necessary to avoid creating an injustice when a prior opinion was clearly erroneous. *Id.* Here, however, this Court's remand order was in accordance with our Supreme Court's decision in *Smith*.[1] Our Supreme Court has explained that an offense is a lesser included offense only if the elements of the lesser offense are subsumed within the elements of the greater offense. *Smith*, 478 Mich at 70. Common-law involuntary manslaughter is a lesser included offense of murder, *People v Mendoza*, 468 Mich 527, 544; 664 NW2d 685 (2003), but statutory involuntary manslaughter is not because statutory involuntary manslaughter requires the use of a firearm, which is not an element of second-degree murder. *Smith*, 478 Mich at 71. Because this Court properly adhered to *Smith*, no injustice bars application of the law of the case doctrine, which precludes revisiting this Court's previous decision. The trial court therefore did not err on remand by entering a conviction of common-law involuntary manslaughter.

## C. OFFENSE VARIABLE (OV) 9

Defendant contends that the trial court incorrectly assessed OV 9 at 10 points after counting victims from defendant's multiple convictions rather than from the sentencing offense alone. We conclude that the trial court did not err by assessing OV 9 at 10 points.

We review de novo whether a sentencing court has properly interpreted and applied a sentencing statute. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). In doing so, we review for clear error the trial court's factual determinations, which must be supported by a preponderance of the evidence. *People v Dickinson*, 321 Mich App 1, 20-21; 909 NW2d 24 (2017). The trial court clearly errs when the reviewing court is left with the definite and firm conviction that the trial court made a mistake. *People v Chaney*, 327 Mich App 586, 587 n 1; 935 NW2d 66 (2019).

When calculating sentencing guidelines, the trial court must score offense variables "giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). OV 9 is properly scored when victims are placed in danger of death or physical injury. *People v Fawaz*, 299 Mich App 55, 62; 829 NW2d 259 (2012). A trial court properly assesses 10 points for OV 9 when "[t]here were 2 to 9 victims who were placed in danger of physical injury or death . . . ." MCL 777.39(1)(c). The trial court must "[c]ount each person who was placed in danger of physical injury or loss of life . . . as a victim." MCL 777.39(2)(a). A person is a victim under OV 9 if he or she is placed in danger of injury or loss of life by the offense, such as a person standing nearby who responds to a call for help. *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically

---

[1] This Court is bound to follow the decisions of our Supreme Court. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011).

threatening situation may suffice to count the person as a victim." *People v Gratsch*, 299 Mich App 604, 624; 831 NW2d 462 (2013), vacated in part on other grounds 495 Mich 876 (2013).

In this case, when assessing 10 points for OV 9 the trial court observed that it was not permitted to aggregate multiple victims over different crimes, but stated: "In this particular case, [defendant] was convicted of involuntary manslaughter, felonious assault[,] felon in possession of a weapon, and felony-firearm. There were multiple victims, and it's not aggregate to count them in this case even though there were multiple counts. Counting victims in multiple counts is not aggregating victims . . . ." The trial court then determined that two people counted as victims for purposes of scoring OV 9 in this case.

In scoring OV 9 in this case, the court was required to count people placed at risk of involuntary manslaughter alone; it was not permitted to count people placed at risk of other crimes. See *McGraw*, 484 Mich at 133. The prosecution presented evidence that defendant pointed the gun at both Brett and Justin before shooting and killing Brett. *Sourander*, unpub op at 1. Other bystanders were also placed at risk when defendant pointed and fired his weapon, killing Brett. Accordingly, at least two people were placed in danger of death or physical injury related to the manslaughter count, and thus two people were properly counted as victims when scoring OV 9. Although the trial court's reasoning is not entirely clear from the record, the trial court correctly scored OV 9 at 10 points, and we will not reverse the trial court's decision when the trial court has reached the correct result, even if for the wrong reason. *People v Jory*, 443 Mich 403, 425; 505 NW2d 228 (1993).

## D.  DEFENDANT'S STANDARD 4 BRIEF

In addition to the issues raised on appeal through defense counsel, defendant raises numerous other issues in propria persona in a brief filed under Supreme Court Administrative Order 2004-6, Standard 4. These issues are without merit.

## 1.  REMAND PROCEDURE

Defendant contends that in his first appeal this Court should have granted him a new trial rather than permitting the trial court on remand to enter a conviction for the lesser included offense of involuntary manslaughter. We disagree, and also observe that defendant's challenge is beyond the scope of the remand. As discussed, in an appeal as of right from an order of the trial court on remand, the scope of the second appeal is limited to matters that arose during the remand proceedings. *Jones*, 394 Mich at 435-436. Here, defendant does not contend that the trial court acted outside the scope of the remand order, but instead challenges the correctness of this Court's remand order in the prior appeal. Because this Court's decision in the prior appeal is not part of the trial court proceedings on remand, defendant's challenge is outside the scope of the remand and thus not properly before this Court.

As also discussed, the law of the case doctrine precludes this Court from revisiting its earlier decision when, as here, no injustice is created by its application. See *Zitka*, 335 Mich App at 334. Having found defendant guilty of second-degree murder, the jury necessarily found defendant guilty of each element of the lesser included offense, rendering a new trial unnecessary.

See *People v Bearss*, 463 Mich 623, 631; 625 NW2d 10 (2001) ("a jury's verdict regarding a necessarily included lesser offense always is encompassed in the verdict on the greater offense.")

## 2. CRUEL AND/OR UNUSUAL PUNISHMENT

Defendant contends that the 25-year mandatory minimum sentence imposed under the habitual offender statute, MCL 769.12, is cruel and/or unusual punishment under the United States and Michigan Constitutions. We review de novo the constitutional challenge that a sentence is cruel and/or unusual. *People v Burkett*, ___ Mich App ___, ___; ___NW2d ___ (2021) (Docket No. 351882); slip op at 2.

The United States Constitution prohibits subjecting a defendant to cruel and unusual punishment, US Const, Am VIII, while the Michigan Constitution prohibits subjecting a person to cruel or unusual punishment. Const 1963, art 1, § 6. The Michigan Constitution thus provides broader sentencing protection than the federal constitution; if a sentence is constitutional under the Michigan Constitution, it is also constitutional under the federal constitution. *Burkett*, ___ Mich App at ___; slip op at 3. Statutes are presumed to be constitutional, *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011), and when the Legislature provides a mandatory minimum sentence, the sentence is presumed to be proportionate. *Burkett*, ___ Mich App at ___; slip op at 3. This Court previously has held that habitual offender statutes "are constitutional and the sentences under them are not cruel and unusual, because the state has a right to protect itself from individuals who continue to engage in criminal activities." *Id.* at slip op 2, quoting *People v Curry*, 142 Mich App 724, 732; 371 NW2d 854 (1985). Here, defendant has not put forth any valid basis to suggest that the trial court erred by applying the presumptively constitutional fourth-offense habitual offender statute when sentencing defendant. We therefore find no error.

## 3. RULE OF LENITY

Defendant contends that the Legislature could not have intended that the sentence for common-law involuntary manslaughter be harsher than that of statutory involuntary manslaughter upon application of the habitual offender statute, MCL 769.12. Defendant argues that the "rule of lenity" dictates that his sentence should be mitigated because the statutes are inconsistent. We disagree.

Under MCL 769.12(1)(a), if a person has been convicted of three or more felonies, and commits a subsequent felony that "is a serious crime or a conspiracy to commit a serious crime," then "the court shall sentence the person to imprisonment for not less than 25 years." The term "serious crime" means an offense against a person in violation of a specified list of statutes. See MCL 769.12(6)(c). Common-law manslaughter is codified under MCL 750.321, see *Smith*, 478 Mich at 67-68, and is a serious crime under MCL 769.12(6)(c). Statutory manslaughter is codified under MCL 750.329, see *Smith*, 478 Mich at 70, and is not a serious crime for the purposes of habitual-offender sentencing. See MCL 769.12(6)(c). Defendant argues that under the rule of lenity the inconsistencies within the statutes should be applied in defendant's favor to mitigate his sentence.

The rule of lenity "stands for the proposition that penal laws are to be strictly construed, with all doubts resolved in a defendant's favor." *People v Arnold*, ___ Mich ___, ___; ___ NW2d

___ (2021) (Docket No. 160046); slip op at 10 n 51. Under the rule of lenity, courts "should mitigate punishment when the punishment in a criminal statute is unclear," *People v Johnson*, 302 Mich App 450, 462; 838 NW2d 889 (2013), and ambiguous penal statutes must be resolved against imposing the harsher punishment when there is no firm indication of legislative intent. *People v Smith*, 423 Mich 427, 446; 378 NW2d 384 (1985). The rule of lenity, however, applies only in the circumstances of ambiguity or the absence of any firm indication of legislative intent. *People v Wakeford*, 418 Mich 95, 113-114; 341 NW2d 68 (1983). A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or is equally susceptible to more than one meaning. *People v Gardner*, 482 Mich 41, 50 n 12; 753 NW2d 78 (2008).

The habitual-offender statute, MCL 769.12, is not ambiguous; it includes common-law manslaughter, of which defendant was convicted, within its definition of serious crimes, but does not include statutory manslaughter. Accordingly, there is firm indication of legislative intent that common-law involuntary manslaughter and statutory involuntary manslaughter are treated differently under MCL 769.12. The rule of lenity therefore does not apply in this case. See *Wakeford*, 418 Mich at 113-114.

## 4. DEFENDANT'S REMAINING ARGUMENTS

Defendant raises additional alleged errors related to his original trial, including issues of prosecutorial misconduct, improper admission of evidence, ineffective assistance of counsel, and failure of the trial court to instruct the jury on involuntary manslaughter. Defendant's additional arguments are not properly before this Court because they raise challenges to events that occurred at trial before the remand, and thus exceed the scope of the remand order. See *Jones*, 394 Mich at 435-436. In addition, this Court addressed many of defendant's challenges in the prior appeal,[2] and the law of the case doctrine precludes this Court from revisiting its earlier decision. See *Zitka*, 335 Mich App at 334.

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[2] In the prior appeal in this case, defendant successfully challenged the trial court's decision to not instruct the jury on involuntary manslaughter, resulting in this Court reversing his conviction for second-degree murder and remanding for further proceedings. This Court rejected defendant's assertions of prosecutorial misconduct and ineffective assistance of counsel.